| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV-08-558 |

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

SEP 25 2008

RECEIVED

GREGORY KEENE, of 273A Flaggy Meadow, )
Gorham, ME 04038, )
County of Cumberland, State of Maine; )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　)
　　vs. ) COMPLAINT
　　　　　　　　　　　　　　　　　　　　　　)
PIZZAGALLI CONSTRUCTION COMPANY )
a Vermont corporation authorized to do )
business in Maine; )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant )
　　　　　　　　　　　　　　　　　　　　　　)

1. Plaintiff Gregory S. Keene resides in Gorham, Maine, county of Cumberland, State of Maine.

2. Defendant Pizzagalli Construction Company is a Vermont Corporation, having offices and places of business in Readfield, Maine.

3. The defendants during July 2003 until September 2007 employed the plaintiff.

4. During the above period of employment the plaintiff regularly worked in excess of forty (40) hours per week, but the defendant did not pay him time and one half pay for those hours worked over forty (40) during any one week period.

5. From September 10, 2006, until September 9, 2007, the defendant carried out a policy against the plaintiff of counting as overtime hours only those hours that he worked that exceeded forty-five (45) in any particular week.

WHEREFORE, plaintiff prays the Court to enter judgment for the Plaintiff for the wages owed, plus double liquidated damages, costs, and attorney's fees, pursuant to 26 M.R.S.A. §670; and to grant such other and further relief as this Court deems equitable and just.

## COUNT II.

6. Plaintiff repeats each of the allegations in paragraphs one through five above, and incorporates the same herein as though set out in length.

7. Defendant is and at all times herein mentioned has been engaged in the operation of an enterprise engaged in commerce within the meaning of Sections 3(s) of the Fair Labor Standards Act.

8. At all times herein mentioned, defendant has employed employees in and about its place of business in the activities of said enterprise engaged in commerce, including employees handling or otherwise working on goods or materials that moved in interstate commerce. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of Fair Labor Standards Act.

9. The defendant either knew, or showed reckless disregard for, the matter of whether its conduct was prohibited by statute, and was in willful violation of the Act.

WHEREFORE, plaintiff prays the Court to enter judgment for the plaintiff and against the defendant on the basis of the defendant's violation of the Fair Labor Standards Act, 29 U.S.C., §201 and the following:

1. to award plaintiff actual and compensatory damages in the amount shown to be due for overtime wages, with interest;
2. to award plaintiff an equal amount in liquidated damages;
3. to award plaintiff reasonable attorney's fees and costs of suit; and
4. to grant such other relief as this Court deems equitable and just.

## COUNT III.

10. Plaintiff repeats each of the allegations in paragraphs one through nine above, and incorporates the same herein as though set out in length.

11. Defendant required or permitted the plaintiff as a condition of securing and retaining employment in its "Superintendent Career Path Program" to work without monetary compensation during five (5) hours in several weeks during the period of the plaintiff's employment.

12. Defendant maintained a practice that required the plaintiff to return to the defendant the compensation for the first five (5) hours of overtime in any particular week that the plaintiff would otherwise have been paid, but for his participation in the Superintendent Career Path Program.

WHEREFORE, plaintiff pray this Court to enter judgment for the plaintiff and against the defendant on the basis of the defendant's violation of 26 M.R.S.A. §629 and 626, and the following:

    1. to award plaintiff actual and compensatory damages in the amount shown to be due for wages, with interest;

    2. to award plaintiff an equal amount in liquidated damages;

    3. to award plaintiff reasonable attorney's fees and costs of suit; and

    4. to grant such other relief as this Court deems equitable and just.

Dated at Portland, Maine this 23rd day of September 2008.

                                                              Donald F. Fontaine    Bar No. 424

                                        Law Offices Of Donald F. Fontaine
                                        97 India Street
                                        P.O. Box 7590
                                        Portland, Maine 04112
                                        (207) 879-1300      Fax: 772-6402
                                        dff@fontainelaw.com

                                        Attorney for Gregory Keene

DFF/ccf

A True Copy
Attest: Sally A. Bourget
       Clerk of Courts